IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

**HUNTER K. AVERY**                                                      **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO.:**

                                                                           **JURY TRIAL DEMANDED**

**CORECIVIC OF TENNESSEE, LLC**                                  **DEFENDANT**

## COMPLAINT

Plaintiff, Hunter K. Avery, by and through his attorneys, Johnson & Bennett, PLLC, brings this Complaint for a cause of action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, for discrimination based on sexual orientation, sexual harassment, and retaliation and states as follows:

## PARTIES

1. Plaintiff, Hunter Avery, is an adult citizen of Belmont, Tishomingo County, Mississippi.

2. Defendant, CoreCivic of Tennessee, LLC (CoreCivic), is a limited liability company organized under the laws of the State of Tennessee with its principal place of business at 5501 Virginia Way, Brentwood, Tennessee, 37027. Defendant may be served with process through its registered agent, C T Corporation System, 300 Montvue Road,

1

Knoxville, Tennessee, 37919.

3. At all times relevant to the facts of this case, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to federal question under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. §1343. This Court has authority to award costs and attorney fees pursuant to 42 U.S.C § 1988.

5. Pursuant to 42 U.S.C. § 2000e-5(f)(3), venue is proper in the United States District Court for the Middle District of Tennessee, Columbia Division, because the unlawful acts occurred in whole or part in Wayne County, Tennessee.

6. On August 22, 2022, Plaintiff filed a Charge of Discrimination (COD) (490-2022-02505) against Defendant for sexual harassment, sex discrimination, and retaliation with the United States Equal Employment Opportunity Commission (EEOC), attached as Exhibit A.

7. On March 21, 2024, the EEOC issued Plaintiff a Determination and Notice of Rights for his COD which it mailed to Plaintiff on March 29, 2024, attached as Exhibit B.

## FACTS

8. Plaintiff, Hunter Avery, is a bi-sexual male.

9. Defendant is a private owner and operator of prisons and detention centers around the country.

10. South Central Correctional Center (South Central or Facility) is a correctional and detention facility that houses approximately 1,283 inmates in Clifton, Tennessee.

11. South Central operates under a contract with the Tennessee Department of Corrections.

12. The Facility employs approximately 285 employees and is staffed twenty-four hours a day, seven days a week.

13. Defendant hired Mr. Avery as a Correctional Officer (CO) on May 16, 2022.

14. Mr. Avery had briefly worked at South Central as a CO from April 26, 2021, until he tendered a resignation in January of 2022.

15. Mr. Avery cares for his blind mother.

16. South Central paid better than most employers in the area and offered benefits but the job had interfered with caring for his mother and ensuring she could attend her doctors' appointments.

17. Being unable to find anything that would pay better, Mr. Avery returned to South Central in May of 2022 after South Central told him that he would not have to work more than 14 hours a day which allowed him to care for his mother.

18. On or about June 12, 2022, while waiting for the inmate count to clear just after midnight in the Apollo Center Core, another correctional officer said to Plaintiff, "I've fucked a man before. If you can take it, take it."

19. Mr. Avery turned away from the CO because he could not believe what the officer said to him and then heard a zipper unzip and felt something graze his arm.

20. Mr. Avery believed that the officer had touched his penis to his arm.

21. Other officers who were present told Mr. Avery that the officer had pulled out his penis.

22. On the date of the incident, Mr. Avery reported the incident to a female Senior Officer who was hired around the same time as Mr. Avery, who he believes was Senior Patterson.

23. Mr. Avery also discussed the sexual harassment with two other correctional officers that same day.

24. The senior officer to whom Mr. Avery reported the incident replied, "What is going on over there?"

25. The senior officer then told Mr. Avery she would handle it.

26. On June 15, 2022, Assistant Warden Byron Ponds (AW Ponds) asked Mr. Avery to meet with him.

27. Mr. Avery thought the meeting would be about his complaint of sexual harassment, but instead AW Ponds brought up a shirt being left in the central area and accused Mr. Avery of doing so which could have led to an inmate escaping.

28. Mr. Avery replied to AW Ponds' allegations by asking if it was in retaliation for him reporting the sexual harassment.

29. Mr. Avery told AW Ponds that he was shocked at being accused of leaving a shirt when all the warden needed to do was look at the video to see what happened, while pointing at the camera in the room.

30. AW Ponds claimed to have no knowledge of the harassment and had Mr. Avery write out a statement of what happened during the June 15, 2022, meeting.

31. AW Ponds then told Mr. Avery that he should resign.

32. AW Ponds told Mr. Avery that if he did not resign, then he could be charged with attempting to help an inmate escape by leaving the shirt out and that the Facility would give him a horrible reference.

33. Mr. Avery suffers from ADHD and clinical depression and the possibility of being charged with a crime, much less given a horrible reference, affected his mental capacity.

34. Mr. Avery wrote out a resignation for AW Ponds as AW Ponds instructed him to do so.

35. The next day, Mr. Avery received a call from an investigator for Defendant, claiming to be looking into Mr. Avery's allegations of sexual harassment.

36. Mr. Avery told the investigator what happened and the investigator told Mr. Avery that his resignation was rescinded to allow an investigation and that Mr. Avery would be on administrative leave.

37. The investigator told Mr. Avery that he did not know what would happen and that he could not make any promises about Mr. Avery getting his job back.

38. The assistant warden told Mr. Avery he would be paid through the end of the month.

39. Mr. Avery called almost every day asking about the investigation and the pay he was promised.

40. Mr. Avery did not receive any pay and ultimately was told that he was not returning and that the company had never rescinded his resignation.

41. The reason Ms. Avery was forced to write out a resignation during the meeting with AW Ponds on June 15, 2022, was because Mr. Avery complained of sexual harassment and sex discrimination against him due to his sexual orientation.

42. Many correctional officers have left shirts in the central core area which is not accessible to inmates but were not disciplined or forced to resign.

43. It is unreasonable to think that an inmate could escape with just an officer's shirt as the inmates have TDOC printed largely and clearly on their pants.

44. Shirts were commonly around the central area because the correctional officers were exposed to feces and waste when patrolling certain areas of the Facility.

45. Officers who did not complain about sexual harassment left shirts unattended in the central area and nothing happened to them.

46. Defendant retaliated against Plaintiff by terrifying him into resigning so as to avoid his sexual harassment complaint.

47. Despite knowing that Plaintiff did not want to resign, as he told the investigator when he called to go over his complaint, Defendant did not protect Mr. Avery's right to be free from retaliation for undertaking protected activity.

48. Defendant's investigation substantiated Mr. Avery's allegations that the correctional officer who was the subject of his report engaged in conduct in violation of company policy.

49. Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 by subjecting him to unwanted sexual harassment and treating him differently than others who were lesbian, gay, bi-sexual, transgender, queer, or questioning (LGBTQ).

50. Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 by subjecting him to retaliation for reporting the sexual harassment by making him resign and then not bringing him back to work when it found his allegations to be true.

51. Defendant's violations of Plaintiff's statutory rights were intentional and willful and done in direct disregard for Plaintiff's right to be free from such unlawful discriminatory and harassing activity.

52. Defendant's violations of Plaintiff's statutory rights were intentional and willful and done in direct disregard for Plaintiff's right to be free from retaliation for protected activity.

53. Defendant's actions were taken with such reckless disregard for Plaintiff's federally protected rights warrants the imposition of punitive damages.

54. Because of the incident with the correctional officer at South Central, Plaintiff experiences anxiety and fear when going to public restrooms or being otherwise exposed.

55. Plaintiff was forced to take much lower paying job after being without work for some time.

56. Plaintiff suffered pecuniary loss and interest due to the actions of the Defendant in discriminating and retaliating against him, including loss of pay, loss of opportunities, lost benefits, and loss of other tangibles.

57. Plaintiff has suffered mental anxiety and stress, inconvenience, loss of enjoyment of life, loss of income and valuable benefits as a result of the Defendant's actions.

## PRAYER FOR RELIEF

58. Plaintiff sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and Ms. Avery demands such legal and equitable relief as will effectuate the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, including but not limited to, the following:

   a. Accrual of back pay, fringe benefits, and other emoluments of employment;

   b. Compensatory damages;

   c. Punitive damages;

   d. Loss of enjoyment of life;

   e. Lost opportunities;

   f. Costs and attorney fees;

   g. Appropriate affirmative action;

   h. Any interest due on the amount awarded; and

   i. Any other relief that this Court deems just and equitable.

57. Plaintiff prays that a jury be empaneled to decide this matter and determine damages and that Plaintiff be awarded reasonable attorney fees and costs.

THIS the 20th day of June, 2024.

                                        Respectfully submitted,

                                        HUNTER K. AVERY

                                        <u>s/ Tressa V. Johnson</u>
Tressa V. Johnson BPR# 26401
Kristy L. Bennett BPR# 30016
JOHNSON & BENNETT, PLLC
1407 Union Ave., Ste. 807
Memphis, TN 38104
(901) 402-6601
tressa@myjbfirm.com
kristy@myjbfirm.com
*Attorneys for Plaintiff*