IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **HUNTER K. AVERY,**<br><br>   Plaintiff,<br><br>v.<br><br>**CORECIVIC OF TENNESSEE, LLC,**<br><br>   Defendant. | Case No. 1:24-cv-00063 |

### DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant CoreCivic of Tennessee, LLC ("CoreCivic"), by and through counsel, respectfully submits the following answers and affirmative and other defenses to Plaintiff Hunter K. Avery's ("Plaintiff" or "Avery") Complaint ("Complaint"), stating as follows:

In response to the introductory statement in Plaintiff's Complaint, Defendant admits that the Complaint purports to bring an action for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, but denies that Plaintiff states a claim upon which relief may be granted under any applicable law.

### PARTIES

1. Defendant lacks knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's place of residence and therefore denies same.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendant admits only that this Court has jurisdiction over the subject matter of Plaintiff's claims. Defendant denies that Plaintiff states a claim for, or is otherwise able to establish, any violation of law or that Plaintiff is entitled to any relief whatsoever. Defendant denies any remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits only that venue is proper in this jurisdiction. Defendant denies that Plaintiff states a claim for, or is otherwise able to establish, any violation of law or that Plaintiff is entitled to any relief whatsoever. Defendant denies any remaining allegations in Paragraph 4 of the Complaint.

6. Defendant admits only that Plaintiff filed a Charge of Discrimination, which speaks for itself, with the U.S. Equal Employment Opportunity Commission. Defendant, however, denies the allegations contained in the Charge of Discrimination and denies that the allegations state any claim for, or otherwise establish any violation of law or that Plaintiff is entitled to any relief whatsoever. Defendant denies any remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits only that the U.S. Equal Employment Opportunity Commission issued Plaintiff a Determination and Notice of Rights, which speaks for itself. Defendant, however, denies that the Notice of Rights itself, or the allegations contained in the Charge of Discrimination to which it relates, state any claim for, or otherwise establish any violation of law or that Plaintiff is entitled to any relief whatsoever. Defendant denies any remaining allegations contained in Paragraph 7 of the Complaint.

## FACTS

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and therefore denies same.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint and therefore denies same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint and therefore denies same.

17. Defendant admits only that Plaintiff was rehired in May of 2022. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding his efforts to obtain other employment between January and May of 2022 and therefore denies same. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff could or could not believe and therefore denies same. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information to form a belief as to the truth or falsity of what Plaintiff believes and therefore denies same. Defendant denies any remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendant lacks knowledge or information to form a belief as to the truth or falsity of the alleged conversation(s) Plaintiff refers to and therefore denies same. Defendant denies any remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the details of the alleged conversations Plaintiff claims to have had with others and therefore denies same.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the details of the alleged conversations Plaintiff claims to have had with others and therefore denies same. Defendant denies any remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant admits that Assistant Warden Ponds met with Plaintiff to address a uniform shirt being left in an area accessible by inmates. Defendant lacks knowledge or information to form a belief as to the truth or falsity of what Plaintiff thought and therefore denies same. Defendant specifically denies that Plaintiff made any "complaint of sexual harassment" and further denies any remaining allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant admits only that Assistant Warden Ponds had no knowledge of any alleged harassment. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint and therefore denies same.

34. Defendant admits only that Plaintiff resigned his employment. Defendant denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendant admits only that it investigated Plaintiff's allegations of harassment immediately upon his report. Defendant denies any remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits only that it investigated Plaintiff's allegations of harassment immediately upon his report and placed Plaintiff on administrative leave pending the investigation. Defendant denies any remaining allegations contained in Paragraph 36 of the Complaint.

37. Upon information and belief, Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38. Defendant admits only that Plaintiff was paid while on administrative leave pending investigation. Defendant denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Defendant admits only that Plaintiff was paid while on administrative leave pending investigation. Defendant denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Defendant admits only that it confirmed Plaintiff's resignation after the close of the investigation. Defendant denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant admits only that, at times, correctional officers may be exposed to feces and waste when patrolling certain areas of the Facility. Defendant denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant admits only that the investigation found that the involved correctional officers, including Plaintiff, violated company policy but specifically denies that the investigation substantiated Plaintiff's specific allegations of harassment. Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

## PRAYER FOR RELIEF

58. Defendant denies that Plaintiff is entitled to the relief sought in his section entitled "Prayer for Relief," including that specified in subparagraphs (a) through (i) of Paragraph 58 of the Complaint, or to any relief whatsoever.

59. Defendant admits that Plaintiff requests a trial by jury but denies that Plaintiff states a claim upon which relief may be granted under any applicable law.

Any allegations of the Complaint not previously specifically admitted or denied are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES[1]

Having answered the Complaint filed against it, CoreCivic asserts the following affirmative and other defenses:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, to the extent he failed to timely exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

3. Plaintiff's claims should be dismissed to the extent they were not set forth in his Charge of Discrimination with the Equal Employment Opportunity Commission.

4. CoreCivic's actions were made in good faith and without malice, deliberate indifference, bad faith, or reckless disregard of any of Plaintiff's legal rights.

5. CoreCivic had legitimate, non-discriminatory, and non-retaliatory reasons for each action taken with regard to Plaintiff during the course of his employment.

---

[1] CoreCivic bears the burden of proof only on defenses expressly identified as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure.

6. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel and unclean hands.

7. Plaintiff's voluntary resignation cuts off his wage-based damages as of the date he resigned his employment.

8. Plaintiff's claims are barred, in whole or in part, because CoreCivic exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory conduct and to the extent Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by CoreCivic or to otherwise avoid harm.

9. Plaintiff's claims against Defendant are barred because the injury or damages sustained by Plaintiff, if any, resulted from causes other than any act or omission of Defendant.

10. Plaintiff's claims are barred on the ground that even if any decision concerning Plaintiff was discriminatory or retaliatory in nature (which none was), CoreCivic would have reached the same decision absent any discrimination or retaliation.

11. Plaintiff has not been injured to the extent alleged.

12. Plaintiff's damages are limited by all applicable statutory caps.

13. Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

14. Plaintiff's claims are barred, in whole or in part, because his own acts or omissions caused or contributed to any alleged losses or injuries.

15. Plaintiff's claims for damages are barred or reduced to the extent he failed to properly mitigate his damages.

16. Without admitting that Plaintiff suffered any damages, to the extent an award of damages is made, such damages must be reduced by Plaintiff's interim earnings and/or the amounts Plaintiff could have earned with reasonable diligence.

17. To the extent Plaintiff seeks punitive damages in this matter, such damages are barred because CoreCivic acted in good faith and in a non-willful manner at all times, and because punitive and/or liquidated damages would be excessive and in violation of the Due Process Clause of the federal and state constitutions.

18. Without admitting that Plaintiff suffered any damages, Defendants are entitled to a set-off against any recovery by Plaintiff, which must be reduced by any amount of money he received from another source.

19. Plaintiff may not recover lost wages or benefits for any period of time in which he was physically, mentally, or otherwise unwilling or unable to work or any time he was not actively seeking comparable employment.

20. CoreCivic reserves the right to amend its defenses and/or assert additional affirmative defenses as may be appropriate in connection with facts obtained through discovery.

**WHEREFORE**, Defendant CoreCivic of Tennessee, LLC prays:

1. For an Order dismissing Plaintiff's claims, with prejudice, and entering judgment in favor of CoreCivic and against Plaintiff;

2. For all costs, disbursements, and reasonable attorneys' fees incurred by CoreCivic in connection with this matter; and

3. For any other such relief as the Court in the exercise of its discretion deems just and proper.

Respectfully submitted,

*/s/ Kaitlyn A. Hansen*
Jennifer B. Robinson, Bar No. 20380
LITTLER MENDELSON, P.C.
333 Commerce Street, Suite 1450
Nashville, TN  37201
Telephone:   615.383.3033
Email:  jenrobinson@littler.com

Kaitlyn A. Hansen, Bar No. 037021
LITTLER MENDELSON, P.C.
One Commerce Square
40 S. Main Street, Suite 2500
Memphis, TN  38103
Telephone:   901.322.1204
Email:  khansen@littler.com

Attorneys for Defendant
CORECIVIC OF TENNESSEE, LLC

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a true and exact copy of the foregoing document has been filed via the Court's electronic filing system this 7th day of October, 2024, upon the following:

Tressa V. Johnson BPR# 26401
Kristy L. Bennett BPR# 30016
JOHNSON & BENNETT, PLLC
1407 Union Ave., Ste. 807
Memphis, TN 38104
(901) 402-6601
tressa@myjbfirm.com
kristy@myjbfirm.com

Attorneys for Plaintiff

                                                     */s/ Kaitlyn A. Hansen*

4884-2884-7576.2 / 057737-1218